# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| NORTHSTAR BATTERY COMPANY, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 6:18-CV-03065-MDH |
| ENXERGY, LLC, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Before the Court is Plaintiff's Combined Motion to Strike and Request for Entry of Default Judgment. (Doc. 23). Plaintiff requests that the Court Strike Defendant's Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) and/or for a More Definite Statement Pursuant to Fed R. Civ. P. 12(e). (Doc. 22). For the reasons explained below, the Court will grant in part and deny in part Plaintiff's Motion.

**A. Motion to Strike**

Plaintiff moves for Defendant's 12(b)(6) and (12)(e) Motion to be struck because under Fed R. Civ. P. 12(g)(2), "a party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion," except as provided in Rule 12(h)(2) or (3). Defendant previously filed a Motion to Dismiss and/or Transfer for lack of subject matter jurisdiction, lack of personal jurisdiction and for improper venue under Rule 12(b)(1), 12(b)(2), and 12(b)(3). (Doc. 11). Plaintiff argues that when this earlier Motion was filed, the 12(e) objection and 12(b)(6) defense were available to Defendant and thus were required to be joined to the earlier Motion under Rule

1

12(g)(2). Plaintiff contends that since they were omitted from the earlier Motion, they cannot be considered now.

In response, Defendant states that it has preserved its right to file its instant Motion because it falls under the exception outlined in Rule 12(h)(2). Rule 12(h)(2) allows a 12(b)(6) motion that would otherwise be precluded by 12(g)(2) to be raised "in any pleading allowed or ordered under Rule 7(a)." Rule 7(a) lists the pleadings allowed under the Federal Rules of Civil Procedure. The essence of Defendant's argument is that "Rule 12(h)(2) allows a motion under Rule 12(b)(6) to be raised at any time where the Court allows the movant an answer or other responsive pleading."

Defendant's argument on this point is unavailing. The text of Rule 12(h)(2) plainly does not allow a Rule 12(b)(6) motion to be raised at any time where the movant may answer or otherwise plead responsively. Instead, it allows the 12(b)(6) defense to be raised *in any pleading allowed or ordered under Rule 7(a)*. Rule 7(a) allows for (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer. A 12(b)(6) motion, standing alone, does not fit any of these pleadings. Because of this, the Court will decline to find that Defendant's 12(b)(6) Motion may be properly filed under the Rule 12(h)(2) exception.

Defendant also argues that it may still file its 12(b)(6) and 12(e) motions because Plaintiff filed an Amended Complaint following Defendant's earlier Motion to Dismiss. The Court notes that Defendant's earlier Motion to Dismiss for Lack of Jurisdiction and Improper Venue was indeed filed seven days prior to Plaintiff's First Amended Complaint. (Doc. 12). However, upon review of the First Amended Complaint, the Court recognizes that the only difference between the original and amended Complaint is the addition of information relating to jurisdiction and venue.

For this reason, the Court will hold that the defenses and objections Defendant asserted in its instant Motion, which are unrelated to jurisdiction and venue, were "available to the party" when it filed its earlier Motion and thus precluded under Fed. R. Civ. P. 12(g)(2).

Because Defendant's instant Motion could have been filed concurrently with its earlier Motion, and because its 12(b)(6) Motion does not fall under the Rule 12(h)(2) exception, the Court will grant Plaintiff's Motion to Strike Defendant's 12(b)(6) and 12(e) Motions.

### B. Request for Entry of Default Judgment

Plaintiff requests that this Court enter default judgment against Defendant for failing to file a proper responsive pleading within the period set forth by the Federal Rules of Civil Procedure. In the Court's September 13, 2018 Order, it granted Defendant until September 26, 2018, to Answer or file a responsive pleading to Plaintiff's First Amended Complaint. (Doc. 21). Defendant did not file an answer or a responsive pleading that complies with Rule 12 by that date. Under Rule 55(a), "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." On this basis, Plaintiff argues that it is entitled to default judgment against Defendant.

The entry of default is an "extreme" action that is committed to the sound discretion of the trial court. *Nat'l Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976); *F.T.C. v. Packers Brand Meats, Inc.*, 562 F.2d 178 (8th Cir. 1977). An entry of default is not favored by law and should be a rare judicial act. *In re Jones Truck Lines, Inc.*, 63 F.3d 685, 688 (8th Cir. 1995). When determining whether to enter a default, the Court may consider *inter alia* the effect a default judgment might have, whether the Plaintiff has been substantially prejudiced by the delay involved, and whether the default was caused by good-faith mistake or by excusable neglect.

*Belcourt Public School Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (quoting *Briarpatch Ltd., v. Geisler Roberdeau, Inc.* 513 F.Supp.2d 1, 3 (S.D.N.Y. 2007).

After careful consideration of the record, it is obvious to the Court that Defendant's failure to plea was a good-faith mistake and that Plaintiff has not been substantially prejudiced by the delay involved. Although Defendant's Motion will be struck, the fact of its filing nonetheless evinces an attempt to defend itself from Plaintiff's action. The entry of default judgment would be a wholly inappropriate sanction in such a circumstance. Consequently, it will deny Plaintiff's request to enter default judgment against Defendant.

## **CONCLUSION**

For the reasons stated above, Plaintiff's Motion to Strike Defendant's 12(b)(6) and 12(e) Motions are hereby **GRANTED** and Defendant's 12(b)(6) and 12(e) Motions are **STRUCK**. Plaintiff's Request for Entry of Default Judgment is **DENIED**. Defendant is **ORDERED** to file a responsive pleading as well as any non-waived motions under Fed. R. Civ. P. 12 by November 2, 2018.

**IT IS SO ORDERED.**


DATED: October 24, 2018


       */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**